FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

2018 APR -4  AM 11:44

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                Case No. 6:18-cv-516-ORL-28-GJK

$60,000 IN U.S. CURRENCY,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.     This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $60,000 in currency seized from Humberto Miguel Velazquez at the Orlando International Airport (Defendant Funds).

## JURISDICTION AND VENUE

2.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over

all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3. This Court has *in rem* jurisdiction over the Defendant Funds because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1395(b), because the Defendant Funds were found and seized in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of approximately $60,000 in United States currency seized from Humberto Miguel Velazquez on October 12, 2017. The Drug Enforcement Administration (DEA) took custody of the Defendant Funds, and the funds remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7.  The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by DEA Task Force Agent Homero Valerio Jr., who states as follows.

### Orlando Seizure

9.  On or about October 12, 2017, Humberto Miguel Velazquez was at the Orlando International Airport intending to fly to San Juan, Puerto Rico aboard JetBlue Airlines flight 2333 departing Orlando at approximately 2:00 p.m.

10. During routine security screening, Transportation Security Administration (TSA) personnel discovered a large amount of cash in Velazquez's carry-on bag. TSA personnel alerted law enforcement agents of

3

the discovery. Thereafter, Velazquez voluntarily spoke with a series of agents with the Orlando Airport Interdiction Unit.

11. Ultimately, TFA Homero spoke with Velazquez. When asked by TFA Homero about his travel, Velazquez said that he had arrived in Orlando the previous evening and was in Orlando to purchase a boat. Velazquez explained that the boat he traveled to Orlando to see, and maybe purchase, was a 2003 33-foot Bertram boat.

12. When agents asked Velazquez if he could provide information about the person selling the boat (name, phone number, address or location), Velazquez stated that he did not have the person's contact information.

13. Agents then asked if Velazquez had any kind of documentation, emails, or text conversation about the boat he was going to buy, or the person from whom he was going to buy the boat. Velazquez stated that he had none.

14. Velazquez did offer that the boat was being sold by a private seller.

15. Velazquez further stated that the boat he looked at seemed to be in good condition, but he decided to not buy it because one of the engines was not working.

4

16. Agents conducted an open-source internet search for the value of a 2003 33-foot Bertram boat, as Velazquez had described it, which revealed an estimated value between $150,000 and $250,000.

17. Agents told Velazquez about the figures they found on the internet, and Velazquez shrugged his shoulders and provided no verbal response.

18. When TFA Homero asked about his employment, Velazquez stated that he was employed at Triangle Credit of Ponce as an automotive service contractor and earned approximately $80,000 a year. Velazquez also indicated that he bought and sold cars, and claimed the money he was traveling with was profits from selling cars.

19. Velazquez stated that over the last six months he sold approximately 20 cars. When asked about his business, Velazquez stated that he did not have a car lot, but sold cars from his home in Puerto Rico.

20. Velazquez also indicated that he had one bank account at Banco Popular, but did not deposit any of the money he earned from buying and selling cars into that account. Velazquez estimated the average yearly balance in his bank account to be between $6,000 and $9,000.

21. While talking with agents, Velazquez emailed them a copy of a Uniform Residential Appraisal Report, which appeared to show that Velazquez owned a piece of property appraised at $84,000 as of September 8, 2017. From the report, it appeared that Velazquez attempted to obtain a mortgage on the property for $55,000.

22. A properly trained narcotics detection dog positively alerted to the presence of the odor of drugs on the Defendant Funds. Individuals who handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance.

23. Law enforcement seized $60,000 in currency wrapped in rubber bands (see below), which were found in multiple garments in Velazquez's carry-on bag.



7

The denomination break-down was as follows:

65/$100 dollar bills
148/$50 dollar bills
2,198/$20 dollar bills
191/$10 dollar bills
45/$5 dollar bills
5/$1 dollar bills

## Subsequent Investigation

24.  During his interview with agents at OIA, Velazquez agreed to a consensual search of his cell phone. Information gleaned from the search of the cell phone the following day included a United States Postal Service tracking number for a parcel. Agents also noticed in the cell phone data history that the parcel tracking number was being tracked numerous times from the cell phone that Velazquez was carrying.

25.  It was determined that the parcel had been shipped from Puerto Rico to an address located in Port St. Lucie, Florida. The address listed on the parcel for the sender indicated the sender lived in Juana Diaz, the same city where Velazquez's property is located according to the Uniform Residential Appraisal Report he provided agents. On October 16, 2017, agents with the United States Postal Inspection Service in the Southern District of Florida were able to establish probable cause to obtain a Federal search warrant to search the parcel. Case No. 17-96-JMH.

26.	Agents conducted a controlled delivery of the package to the recipient address listed on the parcel. The package was signed for by a man later identified as Eugenio Rodriguez Rivera. Shortly after the package was delivered, a woman later identified as Jelisia Marie Martinez drove away from the residence with the package in her vehicle. A traffic stop was conducted, and Martinez gave consent for her vehicle to be searched.

27.	A search of the parcel located in Martinez' vehicle reveled approximately 1,222 grams of a substance which field tested presumptive positive for the presence of cocaine. The cocaine was wrapped in vacuum sealed bags and in a black metal lock box within the parcel.

28.	Martinez and Rivera were subsequently arrested and charged in state court for, among other drug offenses, trafficking in cocaine (28 grams or more).

29.	Despite living in different cities, Velazquez and Rivera have a social relationship.

30.	For the reasons stated above, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## **CONCLUSION**

31. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and

that the United States have such other and further relief as this case may require.

Dated: April 4th, 2018

>Respectfully submitted,
>
>MARIA CHAPA LOPEZ
>United States Attorney
>
>By: /s/ Nicole M. Andrejko
>Nicole M. Andrejko
>Assistant United States Attorney
>Florida Bar No. 0820601
>400 West Washington Street, Suite 3100
>Orlando, Florida 32801
>Telephone: (407) 648-7500
>Facsimile: (407) 648-7643
>E-Mail: Nicole.Andrejko@usdoj.gov

11

## VERIFICATION

I, Homero Valerio Jr., hereby verify and declare under penalty of perjury, that I am a Task Force Agent with the Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other DEA Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 04 day of April, 2018.

_____
Homero Valerio Jr., Task Force Agent
Drug Enforcement Administration

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$60,000 in U.S. Currency

County of Residence of First Listed Defendant  Orange
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
proceeds traceable to and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 & 846

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 4/4/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #____  AMOUNT____  APPLYING IFP____  JUDGE____  MAG. JUDGE____